UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHELIA BEST,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

Case No. 16-03140
Honorable Laurie J. Michelson
Magistrate Judge Alistair Newbern

**OPINION AND ORDER
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [79]**

Several years ago, Portfolio Recovery Associates, LLC brought a state-court action against Shelia Best to collect on a loan. That collection action was dismissed. After the case was dismissed, Best attempted to refinance her home. But, according to Best, she was refused a favorable rate because the collection action remained on her credit report. So Best filed the current action blaming Portfolio for the inability to get her desired interest rate based upon its failure to timely remove the collection action from her credit report.

Portfolio has now moved for partial dismissal of Best's complaint. (ECF No. 79.) For the reasons stated below, the Court will grant the motion.

**I.**

Best co-signed a loan she alleges was obtained fraudulently. (ECF No. 75, PageID.467.) Portfolio later commenced a collection action on that loan. (ECF No. 75, PageID.467.) That action was dismissed with prejudice on October 12, 2015. (*Id.*)

After the collection action was dismissed, Best contacted Quicken Loans to refinance her home. (*Id.*) Quicken Loans told her that, because the collection account was still on her credit

report, she could not receive the market refinancing rate. (*Id.*) That same day, Best called Portfolio and asked that the collection account be removed from her credit report. (*Id.*) Portfolio told her that it still had her listed as a debtor on the loan, so it would not remove the account from her report. (*Id.*) Best called back the next day and referenced the court order from the collection action dismissing all claims with prejudice. (*Id.*) Her called was transferred to the dispute department, where she was told to fax the court order. (ECF No. 75, PageID.467–468.) She faxed it over that same day. (ECF No. 75, PageID.468.) About two weeks later, Best again called Portfolio and this time spoke with the legal department. (*Id.*) She was told that she was still responsible for the loan. (*Id.*) Best tried two more times to obtain the market rate to refinance her home, but was twice denied. (*Id.*)

Shortly after her third attempt to refinance, the state court entered an amended order at Best's request. (*Id.*) That order clarified that Portfolio's claims against Best were dismissed with prejudice and should be removed "from the credit reporting agencies pursuant to the agreement and decision made by this Court on October 12, 2015." (ECF No. 75, PageID.469.)

Best alleges that "[f]or all relevant dates in this Complaint, [Portfolio] furnished and transmitted credit information to consumer reporting agencies, Experian, Equifax and Transunion." (*Id.*) And that, due to Portfolio's "dissemina[tion] [of] inaccurate credit information," Best was unable to refinance her home at the market rate. (*Id.*)

Best now brings claims against Portfolio alleging defamation, breach of contract, and violation of the Fair Credit Reporting Act. (ECF No. 75.) Portfolio seeks to dismiss her defamation and FCRA claims. (ECF No. 79.)

**II.**

When a defendant moves to dismiss pursuant to Rule 12(b)(6), the plausibility standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), governs. Under that standard, a court first culls legal conclusions from the complaint, leaving only factual allegations to be accepted as true. *Iqbal*, 556 U.S. at 679. The inquiry then becomes whether the remaining assertions of fact "allow[] the court to draw the reasonable inference that the defendant is liable[.]" *Id.* at 678. Although this plausibility threshold is more than a "sheer possibility" that a defendant is liable, it is not a "'probability requirement.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). Whether a plaintiff has presented enough factual matter to "'nudg[e]'" her claim "'across the line from conceivable to plausible'" is "a context-specific task" requiring this Court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 683 (quoting *Twombly*, 550 U.S. at 570).

**III.**

**A.**

The Court will start with Portfolio's argument that Best has failed to state a FCRA claim. Portfolio says that Best never disputed its conduct with a consumer reporting agency prior to filing suit, as is required under the statute.

FCRA "is designed to protect consumers from inaccurate information in consumer reports by establishing credit reporting procedures which utilize correct, relevant and up-to-date information in a confidential and responsible manner." *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 843–44 (6th Cir. 2004). It sets requirements and duties for consumer reporting agencies, users of consumer reports, and furnishers of information to consumer reporting agencies. *Barkho v. Homecomings Fin., LLC*, 657 F. Supp. 2d 857, 864 (E.D. Mich. 2009).

Portfolio argues that Best has only pled that Portfolio is a furnisher of information, so it should only be treated as such. And because it should be treated as a furnisher of information, Best had to dispute the information with a credit reporting agency before she sued. But Best failed to report to a consumer reporting agency, so her FCRA claim must be dismissed.

The Court will examine this argument step by step.

A furnisher of information is an "entity . . . which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies." *Barkho*, 657 F. Supp.2d at 864 (quoting *Carney v. Experian Info. Solutions, Inc.*, 57 F. Supp. 2d 496, 601 (W.D. Tenn. 1999)). A furnisher must provide consumer reporting agencies with accurate information and must investigate and report inaccurate information upon notice from the consumer reporting agency. *Id.* (citing 15 U.S.C. § 1681s-2).

Best pleads that "[f]or all relevant dates in this Complaint, Portfolio Recovery Services furnished and transmitted credit information to consumer reporting agencies, Experian, Equifax and Transunion." (ECF No. 75, PageID.469.) So, argues Portfolio, Best pleads that Portfolio is a furnisher and should be treated as such.

Best disagrees. She argues that "Portfolio held itself out as a consumer reporting agency" because it transferred Best to a dispute department when she called about collections information on her consumer report. (ECF No. 82, PageID.522.) But Best does not explain why the fact that she was transferred to a dispute department makes it plausible that Portfolio is a consumer reporting agency. Indeed, because Portfolio was the collection agency that sued Best, it could have sent her to the dispute department within the collections department. So merely pleading that she spoke with someone in the dispute department does not make it plausible that Portfolio acted both as a furnisher and a consumer reporting agency. This is especially true because Best pleads that

Portfolio "furnished and transmitted credit information *to consumer reporting agencies*, Experian, Equifax and Transunion." (ECF No. 75, PageID.469 (emphasis added).) Further, in her description of the parties, Best pleads that Portfolio "is a nationwide collection service who *furnished* false information and inaccurate information *to the credit reporting agencies*." (ECF No. 75, PageID.466 (emphasis added).) If she intended to plead that Portfolio was also a credit reporting agency, she would have somehow indicated that in these statements, such as that Portfolio furnished and transmitted credit information to consumer reporting agencies *such as itself*.

Best also argues—in her response brief—that Portfolio is a consumer reporting agency because "[Portfolio's] sole purpose is to process disputes, gather the [*sic*] and *assemble information on consumers for the purpose of reporting same to third parties*. Those parties are other departments within the company, legal [*sic*], and the credit agencies. Moreover, when [Portfolio] denied the dispute, they used their company to facilitate interstate commerce for the purpose of preparing her credit report." (ECF No. 82, PageID.523 (emphasis in original).) These facts track the definition of "consumer reporting agency" under FCRA. *See* 15 U.S.C. § 1681a. But this information is not pled in the complaint. (*See* ECF No. 75.) And "[i]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss[.]" *See Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012) (first alteration in original); *see also Montesi v. Nationwide Mut. Ins. Co.*, 970 F. Supp. 2d 784, 792 (W.D. Tenn. 2013) ("new dates or facts in [a] response cannot remedy a pleading deficiency"). Nor has Best requested to amend her complaint to add these allegations.

In short, Best's complaint does not contain facts sufficient to make it plausible that Portfolio was acting as a credit reporting agency.

Having found that Portfolio should be treated as a furnisher, the Court moves to the next step of Portfolio's argument—that Best needed to dispute the information with a consumer reporting agency but failed to do so.

Portfolio is correct on the law. Only § 1681s-2(b) allows for a private right of action against a furnisher. *See* 15 U.S.C. § 1681s-2; *see also Ruggiero v. Kavlich*, 411 F. Supp.2d 734, 736 (N.D. Ohio 2005). And Section 1681s-2(b) requires that an individual give notice of a dispute to a credit reporting agency before filing suit against the furnisher. *See* 15 U.S.C. § 1681s-2(b); *see also Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853 (6th Cir. 2004) ("the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff"); *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 784 (W.D. Ky. 2003) ("Under the statutory language, notification from a consumer is not enough.").

That leaves the last step of Portfolio's argument: that Best did not plead that she disputed the information with a consumer reporting agency. (ECF No. 75, PageID.467–468.)

Portfolio points to the complaint and argues that, because Best is treating Portfolio as a furnisher, and only pleads that she disputed the claim with Portfolio, she has not pled that she made a dispute with a consumer reporting agency.

Finding the statute and caselaw unfavorable to her position, Best resorts to two arguments in response.

First, Best says she did report the dispute "to either Experian or Equifax." (ECF No. 82, PageID.522.) But that fact is not pled. She "request[s] this matter be transition[ed] into a Motion for Summary Judgment" so that she can "offer Experian report number 163402276-93." (*Id.*) She also states that "[t]his fact was relayed to Portfolio previously via Docket 14.1 ¶88–90." (ECF No. 82, PageID.522.)

But Best's argument is not persuasive. Assuming Best is referencing docket entry 14-1, her proposed amended complaint, there are no paragraphs 88–90. (ECF No. 14-1.) Indeed, nowhere in the proposed amended complaint does she refer to reporting a dispute with Experian or any other consumer reporting agency. (*See id.*) And the Court will not convert Portfolio's motion to dismiss into a motion for summary judgment. The Court must only do so if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). And the Court will exclude this information as it is a bald attempt to cure a defect in the pleadings. Best could have pled that she disputed the account with Experian or Equifax or Transunion, or any consumer reporting agency, but she did not.

Second, Best argues that Portfolio "waived" any argument about failing to file a dispute with a consumer reporting agency.

None of Best's four "waiver" arguments have merit. First, she argues that because Portfolio did not raise this argument in its collection suit, *res judicata* bars Portfolio from raising it now. But nothing indicates that the FCRA claims were before the court. So the order on Portfolio's collection action is not a "decision on the merits" of Best's FCRA claim and Portfolio's argument is not now barred by *res judicata*. *See Bragg v. Flint Bd. Of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). Next, Best argues that because Portfolio did not object to the amended order issued by the court in the collections case, it is now precluded from doing so. For the same reason, this argument fails. Third, Best argues that Portfolio waived its right to raise this issue by failing to raise it in its motion to compel arbitration. But Portfolio filed a timely motion to dismiss in response to Best's amended complaint and raised this issue. So the Court does not understand how Portfolio could now be seen as waiving that issue because it previously sought to compel arbitration. Last, Best argues waiver because Portfolio participated in mediation and did not raise the argument at that

time. But Best does not explain, nor can the Court think of a reason, why a party waives a legal argument by not raising it at a settlement conference.

Because Best did not plead that she contested the collections information with a consumer reporting agency prior to filing this lawsuit, Best's FCRA claim will be dismissed.

**B.**

Portfolio next argues that Best's defamation claim is preempted by FCRA.

The Court previously examined preemption in its opinion granting in part and denying in part Best's second motion for leave to file an amended complaint. (ECF No. 64, PageID.383–387.) The Court sees no reason to deviate from that analysis here.

FCRA addresses its relationship to state law in two separate provisions. The first, in 15 U.S.C. § 1681h(e), prohibits consumers from bringing actions

> proceeding in the nature of defamation, invasion of privacy or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes such information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injury such consumer.

The second preemption provision was added to the statute in 1996 and is contained in 15 U.S.C. § 1681t(b)(1)(F). That provision states that "no requirement or prohibition may be imposed under the laws of any State . . . relating to the responsibilities of persons who furnish information to consumer reporting agencies" as defined by § 1681s-2. 15 U.S.C. § 1681t(b)(1)(F). The "tension" between these two provisions "results from the fact that § 1681h(e) permits state tort claims, but requires a higher standard of proof for those in the nature of defamation, slander, or invasion of privacy," requiring a showing of willfulness or malice, "while § 1681t(b)(1)(F)

8

prohibits all state claims covered by § 1681s-2." *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 785 (W.D. Ky. 2003).

Reconciling the interaction between these provisions has "resulted in four distinct and conflicting interpretive approaches." *Wolfe v. MBNA Am. Bank*, 485 F. Supp. 2d 874, 883 (W.D. Tenn. 2007); *see also Skidmore v. Access Grp., Inc.*, Civil Case No. 14-13031, 2015 WL 6736533, at *5 (E.D. Mich. Nov. 4, 2015) ("Many district courts have seen a conflict in these two preemption provisions and, lacking any circuit court authority on how to reconcile the apparent conflict, have developed four distinct approaches to do so."). The approaches are "commonly referred to as (1) the 'temporal approach,' (2) the 'statutory approach', . . . (3) the 'total approach'" and (4) the approach developed" in *Westbrooks v. Fifth Third Bank*, No. 3:05-cv-0664, 2005 WL 3240614 (M.D. Tenn. Nov. 30, 2005), now referred to as "the *Westbrooks* approach." *Id*. The four approaches were ably summarized by the *Skidmore* court as follows:

> In a nutshell, the "temporal approach" views § 1681t(b)(1)(F) as preempting only state claims related to conduct by the furnisher after it receives notice of a dispute; and § 1681h(e) as applying only to claims arising from the conduct of the furnisher before that notice. Under the "statutory approach," § 1681t(b)(1)(F) bars all state law claims based on statutory schemes, only, while § 1681h(e) is viewed as applying to common law claims. The "total approach" views the 1996 amendments as repealing § 1681h(e) and thus concludes that § 1681t(b)(1)(F) "preempt[s] all state causes of action relating to the furnishing of credit information." Under the approach adopted by the [court] in *Westbrooks*, "[a]ll state law claims that do not allege willfulness are preempted by § 1681h(e), and any surviving claims alleging willfulness are preempted under § 1681t(b)(1)(F) if they involve a subject-matter regulated under § 1681s-2."

*Skidmore*, 2015 WL 6736533, at *5 (internal citations omitted). To the best of the Court's knowledge, the Sixth Circuit has not yet endorsed a particular approach.

In its previous decision the Court applied the *Westbrooks* approach. So the Court will do so again here.

9

Portfolio argues that Best's defamation claim is preempted as it alleges willfulness and "involve[s] a subject-matter regulated under § 1681s-2" because her defamation claim is based upon Portfolio "publish[ing] an inaccurate collections account in violation of a Court Order" despite being told that the "collections account was false." (ECF No. 79-1, PageID.486.)

The Court agrees.

First, Best's defamation claim asserts that Portfolio "operated with reckless disregard for the truth." (ECF No. 75, PageID.470.)

Section, Best's defamation claim involves subject matter regulated under § 1681s-2. Section 1681s-2 lays out the duties for furnishers of consumer information. 15 U.S.C. § 1681s-2. This includes the duty not to furnish information it knows is inaccurate and the duty to correct and update information. *Id*. And the basis of Best's defamation claim is that Portfolio provided false information, in the form of the collections account that a court order directed Portfolio to remove. (ECF No. 75, PageID.470.) So it appears that the "subject matter" of the defamation case—providing false information—aligns with the "subject matter" of § 1681s-2 which prohibits furnishers from furnishing false information. *See Sandlin v. Citibank, N.A.*, No. 15-02768, 2017 WL 1378402, at *3 (W.D. Tenn. April 14, 2017); *Mengitsu v. Bank of America, N.A.*, 2012 WL 3890597, at *6 (M.D. Tenn. Sept. 7, 2012) ("libel claim against [bank] based on allegations that [bank] provided incorrect information to a consumer reporting agency clearly pertains to the subject matter regulated under Section 1681s–2" and is preempted by the FCRA); *Westbrooks v. Fifth Third Bank*, 2005 WL 3240614, *7 (M.D. Tenn. Nov. 30, 2005) (defamation claim against a bank for allegedly publishing false representations about mortgage payments to consumer reporting agencies was preempted by the FCRA); *Hossain v. Ocwen Loan Servicing, LLC*, No.

3:14-0002, 2016 WL 6138628, at *3 (M.D. Tenn. Oct. 21, 2016), *report and recommendation adopted*, No. 3:14-CV-0002, 2016 WL 6995657 (M.D. Tenn. Nov. 30, 2016).

Best resists this conclusion.

First, she argues that her defamation claim should not be preempted because claims under FCRA and defamation both allow for actual damages. (ECF No. 82, PageID.512–515.) She states that "[t]his theory resolves all issues of interpretation, and has not been considered by any court thus far." (ECF No. 82, PageID.513.) She explains, "[a]ll legal theories thus far have focused upon (b)(1) and the *subject matter regulated* and ignore the fact that Congress simply means the State cannot add to or delete to [*sic*] the statute." (ECF No. 82, PageID.514.) And because FCRA allows for the same damages as a defamation claim, FCRA is completely consistent with a claim for defamation. (ECF No. 82, PageID.514.)

Best has not broken new legal ground. Questions of preemption focus on whether Congress "expressly call[ed] for preemption of matters 'relating to' the subject matter of that statute, [and to] preempt[] 'actions having a connection with or reference to' that subject matter." *CSX Transp., Inc. v. City of Plymouth, Mich.*, 86 F.3d 626, 629 (6th Cir. 1996) (citing *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992)). And focusing on damages wholly ignores the conflict created by the plain language of 15 U.S.C. § 1681h(e), which concerns claims "proceeding in the nature of" state torts, and 15 U.S.C. § 1681t(b)(1)(F), which concerns itself with requirements and prohibitions "relating to [] responsibilities." The *nature* of a tort is what makes up a claim for that tort, not what can be collected in damages. And requirements, prohibitions, and responsibilities again focus on what makes up the claim; what an entity must show in order to collect damages. At bottom, Best's argument ignores the statutory language and preemption analysis and is not persuasive.

Next, Best argues that the defamation claim is not preempted because *Westbrooks* "was specifically rejected two years later by the Western District [of Tennessee]." (ECF No. 82, PageID.515.) By this she means that a district court declined to adopt the *Westbrooks* approach, and instead adopted the "statutory approach." *Wolfe v. MBNA America Bank*, 485 F. Supp.2d 874 (W.D. Tenn. 2007). This is by no means dispositive. As the Court found in its earlier opinion on Best's second motion to amend the complaint, district courts have adopted all four different approaches and the Sixth Circuit has not weighed in one way or another. And the Court decided to apply, and continues to apply today, the *Westbrooks* approach. Best pointing out the continued debate does not move the needle in her direction.

Best also argues that "there is no genuine issue of material fact that Portfolio acted willfully as a matter of law in violation of 1681h(e), when [it] violated two [c]ourt orders." (ECF No. 82, PageID.519.) Whether there is a "genuine issue of material fact" is an inquiry at the summary-judgment stage; and is the burden the moving party has to meet. Portfolio is bringing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Further, Portfolio is the moving party, not Best. So this argument does not save her defamation claim.

Best's defamation claim will be dismissed.

**IV.**

For the reasons stated, the Court will GRANT Portfolio's Partial Motion to Dismiss the FCRA and defamation claims.

IT IS SO ORDERED.

                                      s/Laurie J. Michelson
                                      LAURIE J. MICHELSON
                                      UNITED STATES DISTRICT JUDGE
                                      SITTING BY SPECIAL DESIGNATION

Date: February 22, 2019

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, February 22, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

      s/William Barkholz
      Case Manager